IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BEATY                                                                                          PLAINTIFF

v.                                          Civil No. 4:18-cv-04056

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
LIEUTENANT MILLER; and SERGEANT
HANNING, MCDC                                                                                     DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff David Beaty pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his initial Complaint on April 24, 2018. (ECF No. 1). That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and submit an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). On May 14, 2018, Plaintiff filed his Amended Complaint. (ECF No. 4). Plaintiff's application to proceed IFP was granted the following day. (ECF No. 7).

Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") serving a sentence as a result of a judgment of conviction. (ECF No. 4, p. 3). Plaintiff is asserting claims for "jail conditions" at the MCDC and failure of Defendants to respond to his grievances. Plaintiff

is suing Defendants in their personal and official capacities. Plaintiff is seeking compensatory and punitive damages.

Plaintiff describes the acts or omissions of Defendants that form the basis of his personal capacity claims as follows:

> 1st Response was: We take allegations as the one you have made very seriously We like to remind you that disciplinary action will be taken against you if it is found that you've made false allegations. We will also want to assure you that appropriate measures will be taken to address your concerns. 2nd Response: I will inform maintenance of your complaints. No action has been taken – the jail has not complied with the Safe and Sanitary Act that is required by federal law which is laid out in the 8th & 14th Amendments.

(ECF No. 4, p. 4). In describing the official custom or policy of Miller County that he believes contributed to the violation of his rights Plaintiff states:

> I am challenging the jail conditions due to the fact that myself and several other inmates have put in multiple grievances and requests but still remain in these unsanitary conditions with no resolve. This is why I am claiming to live in unfair and unsanitary living conditions.

(ECF No. 4, p. 5).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Response to Grievances

Plaintiff alleges his constitutional rights were violated when Defendants ignored or refused to respond to his complaints about jail conditions. The law is clear that inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, a prison official's failure to respond to or process an inmate's grievances, without more, is not actionable under § 1983. *Id.* Accordingly, Plaintiff's allegations relating to Defendants' responses to his grievances, or lack thereof, fail to state a claim upon which relief may be granted.

#### B. Jail Conditions

Plaintiff asserts a claim for unsanitary jail conditions. "[W]hen the State takes a person into its custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility of his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). Jail or prison

3

officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Claims for unlawful conditions of confinement include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim, Plaintiff must allege that prison officials acted with "deliberate indifference" toward conditions at the prison that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. This standard requires an inmate to show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials had "a sufficiently culpable state of mind." *Id.* "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Here, Plaintiff was given specific instructions regarding what allegations were necessary to state a claim in this matter. (ECF No. 2). Despite being given an opportunity to make specific claims in his Amended Complaint, Plaintiff has failed to describe the nature of the alleged unsanitary conditions, whether those conditions posed a risk of serious harm to him, or whether those conditions deprived him of a single human need. In addition, he has failed to allege that any Defendant had a sufficiently culpable state of mind to constitute deliberate indifference to the conditions. Finally, Plaintiff has not alleged that he suffered any injury resulting from conditions at the MCDC.[1] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving*, 519 F.3d at 448 (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Accordingly, Plaintiff's claims for unsanitary jail conditions are dismissed.

---

[1] In the order directing Plaintiff to file an Amended Complaint, he was specifically advised that he must describe what specific injury he suffered because of the Defendants' conduct. (ECF No. 2, p. 4).

**C. Official Capacity**

According to Plaintiff's Amended Complaint, Defendant Runion is the Sheriff of Miller County, Defendant Walker is the Warden at the MCDC, and Defendants Adams, Miller, Griffen and Hanning are employed as officers at the MCDC. Section 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not identified any policy, custom or practice of Miller County that was the moving force behind his allegations regarding the jail's conditions or grievances. Instead, Plaintiff

simply claims Defendants failed to respond to his grievances about unsanitary conditions at the MCDC. Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 29th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge